UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EAGLE CREEK SOFTWARE SERVICES, INC, and KENNETH C. BEHRENDT, | ) ) ) ) ) | |
| Petitioners, | ) ) ) | Case No: _____ |
| v. | ) ) ) | |
| JEREMY PARADISE, | ) ) ) | |
| Respondent. | ) | |

**PETITIONERS EAGLE CREEK SOFTWARE SERVICES, INC.'S AND KENNETH C. BEHRENDT'S PETITION FOR ORDER COMPELLING ARBITRATION**

COME NOW Petitioners Eagle Creek Software Service, Inc. ("Eagle Creek") and Ken Behrendt ("Behrendt") and respectfully show:

1. This petition to compel arbitration is made pursuant to § 4 of the Federal Arbitration Act (9 U.S.C. § 4).

2. The jurisdiction of this court is based upon the provisions of the United States Arbitration Act (9 U.S.C. § 4) and the diverse citizenship of the parties, 28 U.S.C. § 1332.

3. The matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

4. The petitioner Eagle Creek at all times relevant was and is a corporation incorporated under the laws of the state of Minnesota with its principal place of business in Eden Prairie, Minnesota.

5. The petitioner Behrendt at all times relevant was and is resident of the State of Minnesota and the president of Eagle Creek.

6.      Respondent is an individual residing at 317 Cross Street, Carlisle, Massachusetts 01741.

7.      Petitioner Eagle Creek and Respondent are parties to a written employment contract (the "Contract"). A true copy of the Contract is attached as <u>Exhibit 1</u>.

8.      The Contract is and was an agreement involving commerce among the States as set forth in 9 U.S.C. §§ 1 and 3.

9.      Pursuant to the Contract, the parties agreed to submit any claims or disputes between them to binding arbitration in Minneapolis, Minnesota. Specifically, the Contract states in pertinent part:

> 12. <u>Arbitration</u>. Except with respect to the provisions of Section 5 or 8 (including all subsections), <u>any claims or disputes of any nature</u> between or among the parties hereto <u>arising from or related to</u> this Agreement or the performance, breach, termination, expiration, application or meaning of this Agreement or <u>any matter related to the Employee's employment and the termination of that employment by the Company shall be resolved exclusively by arbitration conducted in Minneapolis, Minnesota</u>, in accordance with the then-applicable rules of the Commercial Arbitration Rules of the American Arbitration Association, and judgment on the award rendered by the arbitrators may be entered in any court having jurisdiction, except as modified by mutual agreement of the parties. The arbitration shall be conducted by a panel of three arbitrators, one appointed by the Employer and one appointed by the Employee, each of whom shall be appointed within 30 days of the first notice that a party is seeking settlement of a dispute pursuant to this paragraph. The third arbitrator shall be appointed by the two other arbitrators. If one party names an arbitrator and the other party fails to do so, the arbitrator so appointed shall act as the sole arbitrator. If the two party-appointed arbitrators do not appointment a third arbitrator within 30 days after the date the last of the two arbitrators is appointed, the third arbitrator shall be appointed by the American Arbitration Association. The Arbitral award shall be in writing, state the reasons for the award, and the final and binding on the parties. No punitive, special or exemplary damages shall be sought by a party or awardable by the arbitrator(s).

<u>Exhibit 1</u>, Attachment, ¶ 12 (emphasis supplied).

10.    There are disputes of fact and arbitrable matters arising out of and relating to alleged breaches of the Contract.

11.   Further, the parties agreed that in the event of a claim or dispute not covered by their arbitration agreement, such claim or dispute would be litigated exclusively in a court in the State of Minnesota. The Contract provides in pertinent part:

> 14. <u>Governing Law/Forum Selection</u>. The validity, enforceability, construction, and interpretation of this Agreement shall be governed by the laws of the State of Minnesota, without regard to conflict of law principles. <u>Any litigation between Employee and Employer arising from this Agreement or from Employee's employment with Employer, shall be brought in a court of competent jurisdiction within the State of Minnesota</u>, and Employee and Employer hereby consent to the personal jurisdiction of said courts.

Exhibit 1, Attachment, ¶ 14 (emphasis supplied).

12.   On September 30, 2010, Respondent filed action against the Petitioners in the United States District Court, District of Massachusetts (the "Action"). A true copy of Respondent's operative pleading in the Action, dated November 15, 2010, is attached as <u>Exhibit 2</u>.

13.   Each of the claims asserted in the Action relate to Respondent's employment with Eagle Creek and/or the termination of his employment with Eagle Creek. *See* <u>Exhibit 2</u>.

14.   Petitioners moved to dismiss the Action or alternatively, to transfer the Action to this Court because the United States District Court, District of Massachusetts lacked jurisdiction to order the parties to arbitrate in accordance with their Contract.

15.   After a hearing, Magistrate Judge Leo T. Sorokin entered an order recommending that Petitioners' Motion to Transfer be granted. District Court Judge George A. O'Toole, Jr. subsequently denied Petitioners' Motion on the basis that the existence of an arbitration agreement was at issue. A true copy of Judge O'Toole's Opinion and Order is attached as <u>Exhibit 3</u>.

16.   Under the FAA, a court is bound to enforce an arbitration agreement according to its terms. 9 U.S.C. §§ 3-4. The venue in which arbitration is to take place is a "term" of the

parties' arbitration agreement, which the Court must enforce. *KKW Enterprises, Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp.*, 184 F.3d 42, 48 (1st Cir. 1999) (court must order the parties to arbitrate "in accordance with the terms of the agreement" and one such term of the agreement is the parties' forum selection clause).

17. The United States District Court, District of Massachusetts is without jurisdiction to order the parties to arbitrate in accordance with their arbitration agreement because it cannot require the parties to arbitrate in Minnesota as required by the Contract. *R.W. Electronics, Inc. v. Martin Wolf Associates, Inc.*, 132 F. Supp. 2d 43, 44 (D.Mass. 2001) (federal court may order arbitration only in the district where it sits); *Dempsey v. George S. May Intern. Co.*, 933 F.Supp 72, 75-76 (D. Mass. 1996) (same).[1]

18. Stated differently, United States District Court, District of Massachusetts cannot comply with the requirement of the Federal Arbitration Act that upon a determination that "an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration <u>in accordance with the terms thereof</u>." 9 U.S.C. § 4 (emphasis supplied).

19. Accordingly, assuming without conceding that the making of the arbitration agreement is genuinely at issue, any summary trial regarding the same must be held in this Court.

20. Despite Petitioners demand that Respondent's claims related to his employment and/or termination of employment be submitted to arbitration, Respondent has failed and refused to proceed to arbitration.

---

[1] Accord, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995) (holding that where the arbitration agreement contains a forum selection clause, only the district court in that forum can issue an order compelling arbitration); *Econo-Car Int'l, Inc. v. Antilles Car Rentals, Inc.*, 499 F.2d 1391, 1394 (3rd Cir. 1974) (holding that District Court of the Virgin Islands may not compel arbitration in New York); *M.C. Constr. Corp. v. Gray Co.*, 17 F. Supp. 2d 541, 548 (W.D.Va. 1998) ("As a result of the territorial limitation in § 4, [the Western District of Virginia] cannot enter an order compelling arbitration in Kentucky"); *Federated Rural Elec. Ins. Co. v. Nationwide Mut. Ins. Co.*, 874 F. Supp. 1204, 1209-1210 (D.Kan. 1995) (transferring the case to Ohio because "if the claims brought by [the plaintiff] must be arbitrated, this court would be unable to compel arbitration and at the same time comply with the parties' agreement that arbitration take place in Ohio.").

21.     No previous application for an Order compelling Respondent to arbitrate has been made by Petitioners.

WHEREFORE, Petitioners pray that an Order be made and entered:

1.     Directing that arbitration between the parties proceed in the manner provided for in the Contract, or alternatively, directing the parties to proceed with a summary trial in this District regarding the making of their agreement to arbitrate;

2.     That upon determination that an agreement to arbitrate exists, that the issues raised in the Respondent's pleadings be determined by arbitration in accordance with the Contract;

3.     That Respondent be ordered to stay all proceedings taken by it against Petitioners in United States District Court, District of Massachusetts until arbitration has been had of the matter in dispute between the parties; and

4.     For such other and further relief as to the Court may seem just and proper, together with the costs and disbursements of this application.

**WINTHROP & WEINSTINE, P.A.**

Dated: October 5, 2011

/s Michael E. Obermueller
Michael E. Obermueller, #031772
3500 Capella Tower
225 South Sixth Street
Minneapolis, MN 55402-4629
Telephone: (612) 604-5400
mobermueller@winthrop.com

*Attorneys for Petitioners Eagle Creek Software Services, Inc. and Kenneth Behrendt*

6343892v1