```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               Civil No. 11-2935(DSD/JSM)
```

Eagle Creek Software Services, Inc.,
and Kenneth C. Behrendt,

       Petitioners,

v.                                                      **ORDER**

Jeremy Paradise,

       Respondent.


      Michael E. Obermueller, Esq. and Winthrop & Weinstine,
      P.A., Capella Tower, Suite 3500, 225 South Sixth Street,
      Minneapolis, MN 55402, counsel for petitioners.

      Kenneth A. Sweder, Esq., Laurie M. Ruskin, Esq. and
      Sweder & Ross LLP, 131 Oliver Street, Boston, MA 02110
      and Jonathan S. Parritz, Esq. and Maslon, Edelman, Borman
      & Brand, LLP, 90 South Seventh Street, Suite 3300,
      Minneapolis, MN 55402, counsel for respondent.


      This matter is before the court upon the motion to compel arbitration and stay litigation by petitioners Eagle Creek Software Services, Inc. (Eagle Creek) and Kenneth C. Behrendt. Based on a review of the file, record and proceedings herein, and for the following reasons, the court stays consideration of the motion pending action by the United States District Court for the District of Massachusetts.

**BACKGROUND**

This employment-compensation dispute arises out of the termination of respondent Jeremy Paradise by Eagle Creek. Paradise worked for Eagle Creek in Massachusetts and was terminated in September 2010. On September 30, 2010, he sued petitioners in the District of Massachusetts claiming breach of contract, breach of the covenant of good faith and fair dealing and failure to pay wages in violation of Massachusetts General Laws chapter 149, sections 148 and 150 (the Massachusetts action). See Pet. Ex. 2 ¶ 1.[1]

In the Massachusetts action, petitioners moved to dismiss, transfer or stay proceedings based on a purported agreement to arbitrate in Minnesota. See Defendant Eagle Creek Software Services, Inc.'s Memorandum in Support of its Motion to Dismiss or Alternatively, to Transfer Venue at 6–14, 21, Paradise v. Eagle Creek Software Servs., Inc., No. 10-cv-11678 (D. Mass. Dec. 20, 2010) ("Eagle Creek requests that the Court stay the present action in its entirety so that the parties can arbitrate their disputes in Minnesota."). According to petitioners, the parties are bound by the terms of an employment agreement that mandates arbitration and litigation in Minnesota. Paradise disputes accepting the terms of the employment agreement.

---

[1] Paradise amended the complaint on November 15, 2010.

On September 26, 2011, the Massachusetts court determined that a genuine dispute exists regarding contract formation. See Pet. Ex. 3. As a result, the Massachusetts action is summarily proceeding to trial to resolve the threshold dispute. Id. On October 5, 2011, petitioners began the instant action and now move to compel arbitration and stay litigation in the Massachusetts action. The court heard oral argument on November 2, 2011.

## DISCUSSION

### I.  Federal Arbitration Act

Congress enacted the Federal Arbitration Act (FAA) to counteract "longstanding judicial hostility to arbitration agreements" by "plac[ing] arbitration agreements upon the same footing as other contracts." E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 289 (2002) (quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991)). The role of the court is limited to determining the existence and scope of an agreement to arbitrate. See Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 680 (8th Cir. 2001). Whether a valid agreement to arbitrate formed is a question of contract. Keymer v. Mgmt. Recruiters Int'l, Inc., 169 F.3d 501, 504 (8th Cir. 1999) ("[A]rbitration is a matter of consent, not of coercion." (citation omitted)).

Sections 3 and 4 of the FAA allow parties to move to stay or compel, and motions under either section pose the same threshold

question: whether the dispute is subject to an arbitration agreement. See 9 U.S.C. §§ 3-4.  If a court finds that the parties agreed to arbitrate a dispute, it must stay further litigation (§ 3) or order the parties to arbitrate (§ 4).  In the present dispute, the threshold question is being litigated under § 3 in the Massachusetts action.

**II. First-Filed Rule**

It is well established that "in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." Orthmann v. Apple River Campground Inc., 765 F.2d 119, 121 (8th Cir. 1985).  The first-filed rule is not "rigid, mechanical, or inflexible" and the court applies it to serve the interests of justice.  Id.  The rule exists "[t]o conserve judicial resources and avoid conflicting rulings." Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993).  Absent compelling circumstances, "the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Id.

The FAA does not grant jurisdiction, and any court with an independent basis of jurisdiction may address the question of contract formation through a motion to stay or motion to compel. See Northport Health Servs. of Ark., LLC v. Rutherford, 605 F.3d 483, 486-87, 491 (8th Cir. 2010) (holding FAA "bestows no federal

jurisdiction"); see also 9 U.S.C. §§ 3-4. In the present case, it is undisputed that complete diversity exists, the amount in controversy exceeds $75,000 and the Massachusetts action began over a year before the instant action. As a result, both this court and the Massachusetts court have jurisdiction under 28 U.S.C. § 1332, and the Massachusetts court is the first court in which jurisdiction attached. Cf. Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Trust Co., 640 F.3d 821, 825 (8th Cir. 2011) (analyzing issue of jurisdiction independently from forum-selection clause).

Petitioners argue that the first-filed rule does not apply because the Massachusetts court cannot order arbitration in Minnesota. Specifically, petitioners argue that if (1) the parties agreed to arbitration and (2) that agreement mandates arbitration in Minnesota, then the Massachusetts court cannot compel arbitration in Minnesota. But petitioners' series of contingencies does not preclude application of the first-filed rule. See Keymer, 169 F.3d at 503 n.2 (finding first-filed court "had priority to consider [the] arbitrability question as a matter of comity" and rejecting argument that § 4 motion in second-filed court should have priority).

Moreover, an inability to order arbitration in a foreign forum does not preclude a court from inquiring about whether the parties formed an agreement. Nothing in the plain language of the FAA suggests that Congress intended to strip courts of jurisdiction to

decide a threshold question of contract formation. Instead, Congress used broad language, and allowed any court with subject-matter jurisdiction to consider a motion to stay or compel. See 9 U.S.C. §§ 3-4. If no agreement to arbitrate exists, then the FAA has no bearing, and there is nothing to compel. In the present case, the instant § 4 motion does not divest the first-filed court from proceeding to determine the same threshold question under § 3. Therefore, this argument fails.

Petitioners next argue that their motion to compel requires this court to act notwithstanding the first-filed rule, because a motion to compel under § 4 raises different issues than a motion to stay under § 3. The court disagrees. In general, "[t]he arbitrability question is the same in a motion to compel arbitration as in a motion to stay proceedings pending arbitration." Keymer, 169 F.3d at 503 n.2. In this case, the question is identical: did the parties form an agreement to arbitrate?[2] Application of the first-filed rule in this case is not contrary to congressional intent to remove barriers to arbitration and quickly move parties to arbitration. See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 22 (1983). The Massachusetts court is familiar with the case and is prepared

---

[2] The parties do not identify, and the court is not aware of, any outcome-determinative differences between the law of contract formation in Massachusetts and Minnesota.

6

to address the threshold question.  Should the Massachusetts court find that the parties formed a valid agreement to arbitrate in Minnesota, the case will be transferred to Minnesota for entry of an order to arbitrate.

Assuming the parties agreed to arbitrate, any possible delay resulting from deference to the Massachusetts would be de minimis, especially in light of petitioners' long delay in moving to compel arbitration.  Petitioners became aware of Paradise's intent to litigate rather than arbitrate in September 2010.  Petitioners litigated in Massachusetts for over a year, and filed the instant action only when the Massachusetts action reached the threshold of trial.  Therefore, deference to the first-filed court in this case is in accordance with the FAA.

In short, no compelling circumstances exist to override the first-filed rule.  The threshold issue has been litigated in the Massachusetts action for over a year.  The familiarity of the Massachusetts court with the case will allow it to proceed quickly. Should the first-filed court determine that the parties reached an agreement to arbitrate, the case may be transferred to Minnesota for arbitration.  Further, considerations of judicial economy and comity weigh strongly in favor of deference to the Massachusetts court.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that consideration of the instant motion to compel arbitration [ECF No. 3] is stayed pending resolution of the threshold contract-formation question by the Massachusetts court.

Dated:  November 22, 2011

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court